UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-61619-CIV-MARRA/JOHNSON

JOSEPH KAY, on behalf of himself and
all others similarly situated,

 Plaintiff,

v.

ONLINE VACATION CENTER
HOLDINGS CORP., ONLINE
VACATION HOLDINGS, INC.,
and ONLINE VACATION CENTER,
INC.,

 Defendants.
_____/

**OPINION AND ORDER**

 THIS CAUSE is before the Court on Plaintiff Joseph Kay's former counsel's Motion Seeking Relief from the Court's Order to File Joint Scheduling and Discovery Report and Leave to Seek Substitute for Plaintiff Joseph Kay (DE 17), and Plaintiff Joseph Kay's Notice of Voluntary Dismissal with Prejudice (DE 18), both filed January 25, 2008.  Defendants have filed a response (DE 19).  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

 On November 13, 2007, Plaintiff Joseph Kay ("Plaintiff") filed a Class Action Complaint (DE 1), alleging one count against Defendants Online Vacation Center Holdings Corporation, Online Vacation Holdings, Inc., and Online Vacation Center, Inc., in violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681(c).

1

The procedural posture of this case is unusual, in that the named Plaintiff, Joseph Kay, has filed a Notice of Voluntary Dismissal with Prejudice (DE 18).[1]  The present motion is filed by Plaintiff's former counsel, seeking leave to advertise and procure a substitute named plaintiff for this putative class action.  Plaintiff relies almost exclusively on a recent, unpublished district court case, *In re Australia Bank Securities Litigation*, No. 03-CIV-6537, 2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006).  In that case, the court dismissed without prejudice the claims of a class of plaintiffs on the ground that they did not have standing to sue.  *Id.* at *2.  However, the court granted that putative class of plaintiffs leave to find a substitute named plaintiff and amend their complaint.  *Id.*  The court reasoned that this order was permissible because the order dismissing the claims was non-final by virtue of the fact that the plaintiffs were granted leave to amend.  *Id.*  Because the order was non-final, a live case or controversy existed between the putative class plaintiffs and the defendants.  *Id.*  The court held that "[b]ecause such leave [to amend] was granted, and because a class may be certified in the future under a new representative, the action is live for jurisdictional purposes."  *Id.* at *4.

In response, Defendants argue that there is no longer any live case or controversy, as required by Article III of the Constitution,[2] and as a result this Court should not have jurisdiction

---

[1] Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), by filing his notice of dismissal, Plaintiff Joseph Kay has dismissed all of his claims against Defendant with prejudice.  A court order is not a necessary precondition to dismissal of his claims under this rule.

[2] The Supreme Court has explained the Article III "case or controversy" requirement as follows: "[T]hose who seek to invoke the power of the federal courts must allege an actual case or controversy.  Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.'  There must be a 'personal stake in the outcome' such as to 'assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' . . .  Abstract injury is not enough."  *O'Shea v. Littleton*, 414

to entertain Plaintiff's former counsel's request. By filing the Notice of Voluntary Dismissal *with Prejudice*, Defendants claim that no adversity exists between the parties. Plaintiff cannot amend his claim, so Defendant reasons that his case or controversy with Defendants is not "live." Plaintiff cites *Druhan v. American Mutual Life*, 166 F.3d 1324 (11th Cir. 1999), in which the court explained that the "required adverseness is lacking" when "final judgment was entered in response to the plaintiff's motion for a dismissal with prejudice." *Id.* at 1326. As the Eleventh Circuit stated, "neither party contends that the district court erred in entering final judgment for the defendant – the plaintiff specifically requested it, and the defendant (understandably) is not complaining. There is therefore no adverseness as to the final judgment, and thus no case or controversy." *Id.*

Further, Defendants argue that this motion is defeated by the Supreme Court's holding in *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980). In that case, the Court held that a named plaintiff who has lost a personal stake in the litigation may continue to represent the class (i.e., the action remains live and not moot) where the named plaintiff's claim could recur or where the putative class had been certified prior to the mooting of the named plaintiff's claim. *Id.* at 398-99. Defendants argue that neither of the *Geraghty* exceptions applies to this case.

The Court agrees with Defendants. By filing a Notice of Voluntary Dismissal with Prejudice, Plaintiff extinguished the case or controversy between himself and Defendants – both Plaintiff and Defendants wanted the action dismissed with prejudice. The adversity requirement for a case or controversy is utterly lacking in this dispute. *See Moore v. Charlotte-Mecklenburg*

---

U.S. 493-94 (1974). A case is considered "moot" when the issues presented are no longer "live" and the parties no longer have a legal interest in the outcome of the case (i.e., no adversarial controversy exists). *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

*Board of Education*, 402 U.S. 47, 48 (1971) (holding that no Article III case or controversy exists where the parties to an action desire "precisely the same result"). Further, neither one of the *Geraghty* exceptions to the mootness doctrine applies here. Plaintiff did not move for class certification prior to voluntarily dismissing the case with prejudice, and Plaintiff's own claim is not capable of repetition because he sought dismissal with prejudice. Unlike *Australia Bank*, Plaintiff here did not seek either dismissal without prejudice or leave to amend the complaint; instead, Plaintiff sought complete termination of the dispute. Plaintiff made no effort to bring other plaintiffs into this case, nor did Plaintiff seek to keep the case "alive" for jurisdictional purposes. Plaintiff simply gave Defendants exactly what they wanted.

Because Plaintiff and Defendant are not adverse, there is no live case or controversy between Plaintiff and Defendants. The Court must dismiss this case as the Court does not have Article III authority to preside over a matter which lacks a dispute. *See Clinton v. New York*, 524 U.S. 417 (1998) ("Article III of the Constitution confines the jurisdiction of the federal courts to actual "Cases" and "Controversies."). This case cannot simply be brought back to life upon the presentation of another potential plaintiff. If Plaintiff's counsel wishes to pursue a class action against Defendants, Plaintiff's counsel will have to bring a separate action in which the requirements of Article III are met.

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's former counsel's Motion Seeking Relief from the Court's Order to File Joint Scheduling and Discovery Report and Leave to Seek Substitute for Plaintiff Joseph Kay (DE 17) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE**

**THIS CASE**.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of March, 2008.

Copies furnished to:
All counsel of record

KENNETH A. MARRA
United States District Court